## Thomas S. Bradley *vs.* Charles H. Hale.

A merely colorable sale of goods gives no such title to the pretended purchaser as will enable him to maintain an action for their price against a subsequent purchaser.

Contract to recover the price of lumber sold and delivered. The answer denied that the purchase was made of the plaintiff, or that the plaintiff then owned the property.

At the trial in the superior court, before *Vose,* J., it appeared that the lumber was formerly owned by Daniel Silloway, who executed a bill of sale thereof to the plaintiff in December 1856, and received the plaintiff's notes therefor; and there was evidence tending to show that this transaction was merely colorable. Silloway afterwards sold a part of the same to the defendant.

The defendant testified that he did not make the purchase on his own account, but on the credit of another person; and to a portion of his testimony upon this part of the case objections were made, which are now immaterial.

The judge instructed the jury " that the plaintiff was not authorized to maintain his action, unless he satisfied them of his title to the goods sold; that the execution of a bill of sale, and a delivery of it to the plaintiff, accompanied by a payment for the property in notes or money, would be sufficient, in the absence of other evidence, to vest the title to the lumber in the plaintiff, so far as to enable him to maintain this suit for the price of any of the property sold by Silloway to a third person, and this, though the purpose of such conveyance may have been

to cover up the property from Silloway's creditors; but if, at the time of making and delivering the bill of sale, it was the intention and understanding of the parties to it that the title to the property should not vest in Bradley, and that the lumber should continue to be the property of Silloway, to continue under his custody and control, and be disposed of for his benefit, as his property, then the making and delivery of the bill of sale and notes were a mere formality, which passed no title to Bradley which would enable him to maintain this suit."

The jury returned a verdict for the defendant, and found specially that at the time of the sale the property belonged to Silloway. The plaintiff alleged exceptions.

*S. B. Ives, Jr.,* for the plaintiff, cited *Dyer* v. *Homer*, 22 Pick 255.

*J. C. Perkins,* for the defendant.

METCALF, J. The jury have found a verdict for the defendant, on the ground that when Silloway made to the plaintiff the alleged sale and delivery of the lumber, a part of which is the subject of this action, it was the intention and understanding of both parties that the title to the lumber should not vest in the plaintiff, but that the property therein should continue in Silloway and be under his custody and control, and be disposed of for his benefit. And the court are of opinion that the jury were rightly instructed to find this verdict, if they should find that such, as above, were the intention and understanding of the said parties. For, on those facts, the plaintiff had no property in the lumber, and therefore cannot maintain an action to recover pay for it.

The testimony of the defendant at the trial seems to us to have been properly admitted. But that question is now immaterial to the decision of the case, and has not been argued by the plaintiff's counsel. *Exceptions overruled.*